UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON JOSHUA POSADA,

    Plaintiff,

v.

PIERCE COUNTY JUDICIAL SYSTEM,

    Defendant.

CASE NO. 3:23-CV-5291-TL-DWC

REPORT AND RECOMMENDATION

Noting Date: May 12, 2023

    Plaintiff Jason Joshua Posada is currently confined at the Pierce County Jail in Tacoma, Washington, where he is apparently awaiting trial on unspecified criminal charges pending against him in Pierce County Superior Court. *See* Dkt. 1. Plaintiff has presented to this Court for filing a *pro se* pleading which the Court construes as a prisoner civil rights complaint under 42 U.S.C. § 1983. *See id*. Plaintiff has been granted leave to proceed with this action *in forma pauperis*. The Court has now screened Plaintiff's complaint, in accordance with 28 U.S.C. § 1915A, and concludes that this action is subject to dismissal because Plaintiff has not identified any viable defendant in his complaint, and because the complaint seeks to challenge an ongoing

REPORT AND RECOMMENDATION - 1

state criminal proceeding and abstention from interference in that proceeding is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971).

I.  Background

On April 5, 2023, Plaintiff submitted to the Court for filing a pleading that he identified as a "Complaint in an Action to Enjoin Enforcement of Prison Regulations Restricting Attorney-Client Conferences and Alleging Civil Rights Violations." *See* Dkt. 1. Plaintiff corrected his IFP deficiencies on April 19, 2023. *See* Dkt. 3. Though Plaintiff's pleading is not a model of clarity, it appears to relate to his ongoing criminal proceedings. Plaintiff asserts that he, and unnamed others, "accuse [the] Pierce County Judicial process of multiple Due Process Violations and Constitutional Violations." Dkt. 1 at 1. Plaintiff goes on to reference the omnibus hearing requirement set forth in Washington Superior Court Criminal Rule (CrR) 4.5, and he claims that "the omnibus hearing by very definition demands defendents [sic] presence." *Id*. at 2, 5.

Plaintiff suggests, though he does not clearly assert, that the Pierce County Superior Court has not allowed criminal defendants to attend their omnibus hearings, apparently because of COVID-19 related restrictions. *See* Dkt. 1. Plaintiff maintains that the restrictions imposed on pending criminal proceedings violate the Eighth Amendment, the due process and equal protection clauses of the Fourteenth Amendment, and the Sixth Amendment right to effective counsel. *Id*.

Plaintiff identifies the Pierce County Judicial System as the lone Defendant in his complaint, and he indicates that the Pierce County inmates affected by the alleged unconstitutional restrictions are seeking $5 million in damages "from the beginning of Covid till now." *See* Dkt. 1 at 7.

## II. Discussion

### A. *Legal Standards*

Under the Prison Litigation Reform Act of 1996, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show that (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in

REPORT AND RECOMMENDATION - 3

another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981) (citing *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. at 691. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Board of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).

B.   *Analysis*

1.   Viability of Defendant

Plaintiff identifies the "Pierce County Judicial System" as the lone Defendant in his complaint. Dkt. 1. However, the "Pierce County Judicial System" is not an independent legal entity subject to suit under § 1983. It appears that Plaintiff's claims of unconstitutional conduct relate primarily, if not exclusively, to the actions of the Pierce County Superior Court and/or to the actions of one or more judges of that court. However, neither the court nor its judges are viable defendants in this action.

The Pierce County Superior Court is a state agency as it was established by the Washington State Constitution and is funded by the state government. *See* Wash. Const. art. IV, §§ 1, 6; *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987),

*superseded by statute on other grounds*. The United States Supreme Court has made clear that states and state agencies are not "persons" subject to suit under § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 64 (1989). In addition, it is well established that, under the Eleventh Amendment, a nonconsenting state is immune from suits brought in federal courts by its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). The State of Washington has not waived its Eleventh Amendment immunity for federal civil rights actions. *See Whiteside v. State of Wash.*, 534 F.Supp. 774, 778 (E.D. Wash. 1982). Because the Pierce County Superior Court is a state agency, it is not subject to suit in this civil rights action.

To the extent Plaintiff may intend to sue the judicial officer(s) who scheduled and/or presided over his criminal omnibus hearing, he has likewise not identified a defendant subject to suit in this action. It is well established that judicial officers are entitled to absolute immunity for judicial acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). Scheduling and/or presiding over hearings in criminal cases are judicial acts which clearly fall withing the scope of a judge's official duties. Accordingly, no action lies against any superior court judge as to the manner in which they conducted Plaintiff's omnibus hearing.

This Court observes that though neither a state agency nor a judicial officer is a viable defendant in an action brought under § 1983, a civil rights action may be brought against a county. *See Nolan v. Snohomish County*, 59 Wn. App. 876, 883 (1990) ("in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued").

As explained above, in order to proceed against a municipal entity, such as a county, a plaintiff must identify a custom or policy that caused his alleged injury. Plaintiff has not alleged any facts suggesting that a custom or policy of Pierce County violated his federal constitutional rights. So far as this Court can discern, Plaintiff's complaints pertain only to the Pierce County Superior Court judicial process and to the constitutionality of his ongoing criminal proceedings. Even assuming Plaintiff could identify a viable constitutional claim against the county arising out of the judicial process, as will be explained below any such claim would not be properly before the Court at the present time.

###    2.    Younger Abstention

It appears that Plaintiff is attempting to challenge in this action the procedures being employed to adjudicate the criminal charges currently pending against him in Pierce County Superior Court. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger*, 401 U.S. at 43-46. "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980).

Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v.*

1  *Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp.*
2  *Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)). Federal courts, however, do not invoke *Younger*
3  abstention if there is a "showing of bad faith, harassment, or some other extraordinary
4  circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v.*
5  *Garden State Bar Ass'n.*, 457 U.S. 423, 435 (1982).

6      Here, Plaintiff is subject to an ongoing state criminal proceeding, and that proceeding
7  implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401
8  U.S. at 43-45. Plaintiff alleges no facts demonstrating that he could not have raised the claims
9  asserted in this action in his ongoing criminal case, and it appears that this Court's resolution of
10 the claims asserted herein could effectively enjoin the ongoing state judicial proceeding as they
11 pertain to the constitutionality of the manner in which the state court is adjudicating the criminal
12 charges against Plaintiff. Finally, Plaintiff's pleading does not reveal any extraordinary
13 circumstance that would make abstention inappropriate. It thus appears that *Younger* abstention
14 applies to Plaintiff's claims.

15 **III.    Leave to Amend**

16     Where a *pro se* litigant's complaint fails to state a claim upon which relief can be
17 granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't*
18 *of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to
19 amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Because Plaintiff has
20 not identified a viable defendant in this action and because, in any event, Plaintiff has an ongoing
21 state criminal case requiring the Court to abstain from consideration of his claims pursuant to
22 *Younger*, the Court finds leave to amend is not warranted.

23

24

REPORT AND RECOMMENDATION - 7

### IV. Conclusion

For the above stated reasons, the Court recommends this § 1983 action be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 12, 2023, as noted in the caption.

Dated this 25th day of April, 2023.

_____
David W. Christel
Chief United States Magistrate Judge